**Entered on Docket
February 20, 2008
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA**

FILED

FEB 19 2008

HAROLD S. MARENUS, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No. NC-07-1295-JuMkK |
| ALEXANDRU POLINSKI, | Bk. No. 07-10102 |
| Debtor, | Adv. No. 07-01037 |
| DAVID LIPSKY, | |
| Appellant, | |
| v. | **M E M O R A N D U M**[1] |
| ALEXANDRU POLINSKI, | |
| Appellee. | |

Argued and Submitted on January 24, 2008
at San Francisco, California

Filed - February 19, 2008

Appeal from the United States Bankruptcy Court
for the Northern District of California

Honorable Alan Jaroslovsky, Bankruptcy Judge, Presiding

Before: JURY, MARKELL and KLEIN, Bankruptcy Judges.

---

[1] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1) it has no precedential value. See 9th Cir. BAP Rule 8013-1.

-1-

## I. INTRODUCTION

Creditor-Appellant, David Lipsky ("Appellant" or "Lipsky") appeals the bankruptcy court's order dismissing his late-filed nondischargeability adversary complaint. For the reasons below, we AFFIRM.

## II. FACTS

Alexandru Polinsky ("Polinski" or "debtor") was a jewelry designer and dealer. Lipsky took a diamond necklace to debtor to reset its 2.75 carat diamond into a gold ring, that Lipsky also provided. Debtor did not perform the services. After months of delay, Lipsky was unsuccessful in getting the diamond or ring back from debtor, despite demands.

On January 31, 2007, debtor filed his voluntary chapter 7 petition.[2] Lipsky was listed as an unsecured creditor on Schedule F with a $25,000 undisputed debt. Debtor incorrectly listed Lipsky's address as 153 Koch Road, Corte Madera, California, 94925. Lipsky had moved from that address approximately five years earlier to 34 Madera Del Presidio, Corte Madera, California 94925.

The bankruptcy court issued a notice to all interested parties of a creditors' meeting to be held March 6, 2007. The notice established May 7, 2007 as the deadline for the filing of complaints objecting to the discharge of Polinski's debts (the

---

[2] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037, as enacted and promulgated on the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, 119 Stat. 23 (generally October 17, 2005).

-2-

"Discharge Bar Date"). The clerk mailed the notice to Lipsky at the 153 Koch Road address on February 1, 2007.

According to the declaration of Barbara R. McEntyre, debtor's former attorney, she received a telephone call from Lipsky about a week after debtor's petition was filed. She declared that Lipsky knew about the bankruptcy, but he had not received notice of the case. She took Lipsky's correct address and mailed him a copy of the notice on or about February 7, 2007. She also stated that she believed she had entered a change of address for Lipsky in the case at the same time.

On March 6, 2007, Lipsky filed a proof of claim which stated his correct address. Lipsky was also elected to the unsecured creditors' committee at the § 341(a) meeting. The U.S. Trustee's account of the election stated Lipsky's correct address.

Lipsky personally questioned debtor about the diamond at the creditors' meeting. Debtor admitted that he had sold the stone, but could not remember to whom or for how much.[3] At the meeting, debtor's attorney handed Lipsky the gold ring without the diamond.

Lipsky met his attorney, Lawrence Alioto ("Alioto"), at the creditors' meeting. Alioto agreed to prepare a nondischargeability complaint for Lipsky. On April 19, 2007, well before the May 7, 2007 Discharge Bar Date, Alioto sent a copy of the complaint, coversheet and summons form which he had

---

[3] Although the § 341(a) transcript is not included in the appellate record, debtor's alleged testimony is consistent with his Schedule F which lists Lipsky as a creditor holding an undisputed claim in the amount of $25,000.

-3-

prepared to Lipsky.  Alioto admits that he inadvertently sent these documents to the Koch Road address which was listed on debtor's petition rather than Lipsky's correct address which he had put on the complaint and cover sheet.

When the May 7, 2007 deadline passed, Alioto assumed that Lipsky had changed his mind about filing the complaint.  On May 8, 2007, Lipsky called Alioto and asked where the complaint was.  At that time, they both discovered the complaint was mailed to the wrong address.

Lipsky filed his nondischargeability complaint on May 9, 2007, two days after the deadline.  Debtor moved under Federal Rule Civil Procedure 12(b) to dismiss Lipsky's late-filed complaint.  At the hearing, the bankruptcy court dismissed Lipsky's complaint pursuant to Jones v. Hill (In re Hill), 811 F.2d 484, 486-87 (9th Cir. 1987), which holds that a court has no discretion to enlarge the time period under Rule 4007(c) on the basis of excusable neglect.

Lipsky timely appealed.

### III.  ISSUE

Whether the bankruptcy court abused its discretion in dismissing Appellant's late-filed nondischargeability complaint.

### IV.  JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(1) and (2)(I).  We have jurisdiction under 28 U.S.C. § 158.

### V.  STANDARDS OF REVIEW

The interpretation of Rule 4007(c) is a question of law to be reviewed de novo.  Wilzig v. Lopez (In re Lopez), 192 B.R.

-4-

539, 543 (9th Cir. BAP 1996). Whether circumstances justify a trial court granting relief from the bar date is reviewed under an abuse of discretion standard. Id. "A bankruptcy court would necessarily abuse its discretion if it bases its ruling upon an erroneous view of the law or a clearly erroneous assessment of the evidence." Id. (citation omitted).

## VI. DISCUSSION

Lipsky and Alioto acknowledge that Alioto was arguably negligent. However, Lipsky contends that debtor must share some responsibility for Lipsky's late-filed complaint. Lipsky maintains that there is a "causal link" between his late-filed complaint and debtor's failure to list Lipsky's correct address in his schedules. Lipsky argues that debtor failed to use diligence in scheduling him as a creditor because debtor used an address that Lipsky had moved from in January 2002, five years before debtor's filing.

In opposition, debtor argues it is undisputed that Lipsky and Alioto had notice of the Discharge Bar Date. Debtor also contends that Alioto could have looked numerous places for Lipsky's correct address. For example, the complaint Alioto prepared for filing, the U.S. Trustee's summary of the creditors' committee election and the proof of claim filed by Lipsky all contained his correct address.[4] Instead, debtor argues, against "all odds", Alioto used the incorrect address that was listed in debtor's schedules. Debtor also points out that Lipsky could

---

[4] Furthermore, common sense dictates that any attorney opens a client file with a current address, so Alioto must have had personal knowledge of his client's address.

-5-

have called Alioto or Alioto could have called Lipsky prior to the deadline. Debtor maintains that he cannot be held responsible for their actions.

**A. The Standards For Enlarging the Time to File a Complaint Under Bankruptcy Rule 4007(c)**

Section 523 applies to individual debtors and specifies which of the debtor's debts are not discharged in a bankruptcy case. The section sets forth certain effectuating procedures. Section 523(c)(1) provides that, notwithstanding subsection (a), debts of a kind specified in paragraphs (2), (4), or (6) of § 523(a) will be automatically discharged, unless the creditor to whom such debt is owed initiates proceedings in the bankruptcy court to obtain a determination that the debt is nondischargeable. Subsection (c)(1) therefore creates substantive rights both in the debtor (the automatic discharge of otherwise nondischargeable debts) and creditors (the right to object). However, it does not contain any directive regarding the time period in which the creditor must take such action.

Rule 4007(c) implements § 523(c) by requiring that a party must either file a complaint objecting to discharge not later than sixty days following the first date set for the meeting of creditors held pursuant to § 341(a) or file a motion for an extension within that period. See Fed. R. Bankr. P. 4007(c). The primary purpose underlying this time limitation is the granting of the debtor's fresh start in a timely and expeditious manner. Schunck v. Santos (In re Santos), 112 B.R. 1001, 1006 (9th Cir. BAP 1990)(stating that the purpose of Rule 4007(c) is to further the prompt administration of bankruptcy estates and

-6-

the fresh start goals of bankruptcy relief).

The short time limitation in which to file a nondischargeability complaint favors debtors, who can feel secure their creditor slate has been wiped clean and they can get on with their lives. Yet, as the Bankruptcy Code and the policies underlying the debtor's discharge make clear, the fresh start is reserved for the honest but unfortunate debtor. Thus, there are competing interests at stake. However, if the time deadline for filing a dischargeability complaint against a dishonest debtor is missed, in the majority of instances, the debt at issue is discharged and even the dishonest debtor may walk away with a clean slate.

Nevertheless, Rule 4007(c) is a claim-processing rule creating a deadline that does not affect subject-matter jurisdiction, the benefit of which rule can "be forfeited if the party asserting the rule waits too long to raise the point." Kontrick v. Ryan, 540 U.S. 443, 454 (2004); see also Santos, 112 B.R. at 1006. Moreover, equitable principles may apply to permit extension of the Rule 4007(c) deadline. Young v. United States, 535 U.S. 43, 49-51; Santos, 112 B.R. at 1006. Consequently, situations where equitable relief is available are limited.

**B.  Excusable Neglect Cannot Be Used to Enlarge the Time**

In essence, and as recognized by the bankruptcy court, Lipsky is arguing excusable neglect as a basis for authorizing his late-filed complaint. The difficulty, however, is that Rules 4007(c) and 9006(b)(3) combine to prohibit retroactive extensions of the deadline based on excusable neglect. Fed. R. Bankr. P. 4007(c) & 9006(b)(3). Indeed, it was the similar effect of Rule

-7-

9006(b)(3) on the discharge objection deadline created by Rule 4004(a) and (b) that led the Supreme Court in Kontrick to use the term "inflexible claim-processing rule." Kontrick, 540 U.S. at 456. Thus, rule 4007(c) is an inflexible claim-processing rule as to which the court has no discretion.

The court therefore has no discretion to enlarge the time period under Rule 4007(c) on the basis of excusable neglect. Santos, 112 B.R. at 1008 citing Hill, 811 F.2d at 486 (noting that Rule 9006(b)(3) authorizes the court to enlarge the time for taking action under Rule 4007(c) only when a motion for such an extension is made before the time has expired). Therefore, the bankruptcy court applied the proper law.

Even if excusable neglect could be used to extend the time for filing a nondischargeability complaint, the bankruptcy court found that while there was neglect, it was not excusable under the circumstances of this case. We agree. The Supreme Court held in Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 395 (1993), that the determination of what kind of neglect will be considered "excusable" is an equitable one, taking account of all relevant circumstances. "These include the danger of prejudice to the debtor, the length of the delay and its impact on judicial proceedings, the reason for the delay, including whether it was in the reasonable control of the movant, and whether the movant acted in good faith." Id. In Pioneer, the notice regarding the claims bar date was outside the ordinary course and there was no prejudice to the debtor or to the interests of efficient judicial administration. Id. at 398. Thus, the late-filed claim was allowed.

None of the criteria set forth in <u>Pioneer</u> are applicable here. The bankruptcy court's notice of the creditors' meeting and Discharge Bar Date was in the ordinary course. Lipsky and his attorney had actual and timely notice of the bankruptcy and Discharge Bar Date to meet the May 7, 2007 deadline. Not only did they both appear at the creditors' meeting, but Alioto prepared and mailed the complaint to Lipsky several weeks ahead of the deadline. Amazingly, neither one called the other until the date came and went. The delay in the timely filing of the complaint was within the reasonable control of Lipsky and his attorney. Moreover, granting equitable relief by extending the Discharge Bar Date would prejudice debtor's fresh start and impact the prompt administration of his estate. In short, even if the excusable neglect doctrine could be used to afford Lipsky relief, the circumstances in this case add up to neglect which is not excusable.

**C.   Other Equitable Doctrines Are Inapplicable**

Lipsky argues for "equity" without referring to any particular equitable doctrine. While we may affirm the bankruptcy court's decision on any ground supported by the record, even if it differs from the reasoning of the court, <u>Grzybowski v. Aquaslide 'N' Dive Corp. (In re Aquaslide 'N' Dive Corp.)</u>, 85 B.R. 545, 549-50 (9th Cir. BAP 1987), no equitable doctrines fit the circumstances of this case.

Lipsky is not eligible for the benefit of the doctrine of equitable tolling under the present circumstances. He had notice of the filing of the chapter 7 case, and of the Rule 4007(c) deadline, in time to file a timely complaint. A miscommunication

or clerical error on the part of his counsel does not warrant such equitable relief.

Further, the doctrine of equitable estoppel requires reasonable reliance on debtor's words or conduct within the applicable limitations period. Santos, 112 B.R. at 1007. Missing from the record is evidence of reasonable reliance. Alioto could not reasonably rely on debtor's schedules for Lipsky's address when he had put Lipsky's correct address on the complaint that he prepared for filing. Accordingly, we perceive no equitable doctrine that applies under the circumstances here.

**D. Lipsky and His Attorney Had Ample Notice of the Discharge Bar Date**

Lipsky's reliance on Mfr. Hanover v. Dewalt (In re Dewalt), 961 F.2d 848 (9th Cir. 1992) is misplaced.[5] In Dewalt, the debtor listed the creditor with an inaccurate address. As a result, the creditor received no initial notice of the bankruptcy or the § 341(a) creditors' meeting.

Subsequently, the creditor received actual notice of the debtor's bankruptcy filing seven days prior to the discharge bar date, but it did not file a timely complaint. The creditor later filed a complaint contending it fell within the scope of §523(a)(3)(B)[6] because it was unscheduled and did not have enough

---

[5] Alioto wrote a letter to the trial judge on July 12, 2007 asking him to consider Dewalt before ruling on the debtor's motion to dismiss. At the hearing, the trial judge commented that he didn't read letters. However, the court was familiar with Dewalt.

[6] This section provides that a debt of the kind listed in § 523(a)(2), (4) or (6) is not discharged if the creditor who is
(continued...)

notice to file a timely complaint.

The debtor sought dismissal because the creditor had notice of the filing seven days prior to the bar date. The bankruptcy court dismissed the complaint and this Panel affirmed. The Ninth Circuit reversed finding that notice to an unscheduled creditor only seven days prior to the bar date did not conform to Rule 4007(c) which states that the court "shall give all creditors no less than 30 days' notice" of the deadline. The Ninth Circuit reasoned that the thirty-day notice provision of Rule 4007(c) provides a guide to the minimum time within which it is reasonable to expect a creditor to act at penalty of default. Id. at 851.

The only similarity between this case and Dewalt is that debtor listed an inaccurate address for Lipsky. The record shows that Lipsky and his counsel had more than thirty-days notice of the Discharge Bar Date. Thus, there was ample time for them to file a timely complaint.

### VII. CONCLUSION

Although equitable relief from the Discharge Bar Date may be granted in limited situations, a bankruptcy court has no discretion to enlarge the time period under Rule 4007(c) on the basis of excusable neglect. The record does not support application of any other equitable doctrines. Hence, the

---

[6](...continued)
owed the debt is neither listed nor scheduled and does not have notice or actual knowledge of debtor's bankruptcy filing in time to file a nondischargeability complaint by the discharge bar date.

bankruptcy court did not base its ruling upon either an erroneous view of the law or a clearly erroneous assessment of the evidence. Finding no abuse of discretion in the court's dismissal of Lipsky's late-filed complaint, we AFFIRM.

While this appeal was pending, the bankruptcy court entered a judgment denying the debtor's discharge under § 727, which judgment the debtor appealed on February 1, 2008. If, as a result of the denial of the debtor's § 727 discharge, Appellant pursues debtor in state court, our affirming the dismissal of the nondischargeability complaint on a bankruptcy-specific theory should have no preclusive effect in the state court on the underlying substantive claims. See RESTATEMENT (SECOND) OF JUDGMENTS § 26(f) (1982). Here, the dismissal involved only the procedural aspect of filing a timely complaint and did not concern the underlying merits of Appellant's claims. Hence, neither issue nor claim preclusion should prevent such state court action.